**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 19-4892

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TREMAINE JERROD ALEXANDER WOLFE,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Donald C. Coggins, Jr., District Judge. (6:18-cr-00582-DCC-1)

Submitted: April 28, 2022                            Decided: May 9, 2022

Before DIAZ and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** John M. Ervin, III, ERVIN LAW OFFICE, Darlington, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tremaine Jerrod Alexander Wolfe pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e), and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 851. The district court sentenced Wolfe to 60 months' imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Wolfe's guilty plea is valid and whether the downward-variant 60-month sentence is reasonable. Wolfe has filed two pro se supplemental briefs raising additional claims, including ineffective assistance of counsel and prosecutorial misconduct. The Government moves to dismiss this appeal as barred by the appellate waiver contained in Wolfe's plea agreement. We affirm in part and dismiss in part.

Where, as here, the Government seeks to enforce an appeal waiver and Wolfe has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the scope of the waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). Our review of the plea hearing leads us to conclude that Wolfe's guilty plea was knowing and voluntary and that the waiver is valid and enforceable. Wolfe's challenges to his sentence, including the applicability of 21 U.S.C. § 851 and the denial of his motion to suppress, fall squarely within the waiver's scope. We therefore grant the Government's motion to dismiss those portions of the appeal.

Wolfe's ineffective assistance claims, on the other hand, fall outside the scope of the appellate waiver. We review de novo an ineffective assistance of counsel claim that is

2

made on direct appeal and "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Based on our review of the present record, we conclude that ineffective assistance of counsel is not apparent on the face of the record. We therefore decline to review these claims on direct appeal and dismiss this portion of the appeal.[*]

When his pro se briefs are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Wolfe also argues that the Government violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), prior to the entry of his guilty plea. Although this claim falls outside the scope of the appellate waiver, Wolfe nevertheless waived it by pleading guilty, except to the extent that the alleged misconduct affected the validity of his plea. *See United States v. Fisher*, 711 F.3d 460, 465 (4th Cir. 2013); *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010). To the extent that he has not waived this claim, we conclude that Wolfe has failed to establish that any "egregiously impermissible conduct" by the Government "influenced" or "was material to" his choice to plead guilty. *Fisher*, 711 F.3d at 465 (internal quotation marks omitted).

Finally, we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the waiver's scope. Accordingly, we grant the Government's motion to dismiss as to the claims foreclosed by the appellate

---

[*] These claims should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 to permit sufficient development of the record. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).

waiver, dismiss the appeal as to Wolfe's claims of ineffective assistance of counsel, and affirm the remainder of the district court's judgment.

This court requires that counsel inform Wolfe, in writing, of the right to petition the Supreme Court of the United States for further review. If Wolfe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wolfe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*